**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PRENTICE E. PONDS, II,

        Petitioner - Appellant,

    v.

CHARLES RAY, Warden,

        Respondent - Appellee.

No. 08-5019
(N.D. Oklahoma)
(D.C. No. CV-03-216-CVE-SAJ)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**

Before **BRISCOE**, **MURPHY,** and **HARTZ**, Circuit Judges.

This matter is before the court on Prentice E. Ponds' pro se request for a certificate of appealability ("COA"). Ponds seeks a COA so he can appeal the denial of his 28 U.S.C. § 2254 habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A) (providing no appeal may be taken from a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court," unless the petitioner first obtains a COA). Because Ponds has not "made a substantial showing of the denial of a constitutional right," this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

Ponds was convicted in Oklahoma state court of Robbery with a Firearm, after former conviction of a felony, and First Degree Burglary, also after former

conviction of a felony. Ponds was sentenced to twenty-five years' imprisonment on the robbery charge and twenty years' imprisonment on the burglary charge. The state trial court ordered that the sentences be served consecutively. After exhausting his state court remedies, Ponds filed the instant § 2254 petition raising the following four claims: (1) criminal charges against a prosecution witness were dropped in exchange for the witness's testimony and the prosecution failed to reveal that fact to Ponds's defense attorney; (2) trial counsel was ineffective; (3) his convictions were based on unreliable in-court identifications; and (4) his dual robbery and burglary convictions violated an Oklahoma statutory prohibition against double punishment.

After reviewing the parties' briefs and the state court record, the federal district court issued a comprehensive and well-stated order denying Ponds's request for habeas relief. As to Ponds's contention that his conviction was based on unreliable in-court identifications, the district court noted the claim had been resolved on the merits by the Oklahoma Court of Criminal Appeals ("OCCA"). In resolving the claim, the OCCA applied the governing Supreme Court precedent, *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977), and concluded the in-court identifications of Ponds were reliable even assuming the pretrial identification procedures were unduly suggestive. Applying the deferential review standards set out in § 2254(d)(1), the district court concluded the decision of the OCCA was neither contrary to, nor an unreasonable application of,

*Manson*. In addition, the district court undertook an independent review of the trial transcript and concluded as follows: "Weighing all the factors and considering the totality of the circumstances, there is no substantial likelihood of misidentification by [the] victims . . . ." The district court concluded Ponds's double-punishment claim was not cognizable in a § 2254 petition because it was purely a matter of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that it is not the province of federal habeas courts to reexamine state-court determinations on state-law questions). The district court determined Ponds's claim that a witness had received a benefit, in the form of a terminated prosecution for testifying on the behalf of the prosecution, failed because there was absolutely no evidence of such a benefit. The OCCA had found, as a matter of fact, that no such benefit was given. Because Ponds failed to demonstrate the OCCA's factual finding was erroneous, he was not entitled to habeas relief. 28 U.S.C. § 2254(e)(1). Finally, under the unique facts of this case (i.e., different trial and appellate counsel and a sufficiently developed record on direct appeal or an adequate state avenue to develop the factual bases of the claim), the district court concluded Ponds's ineffective assistance of trial counsel claims were procedurally barred because they were not raised on direct appeal.

To be entitled to a COA, Ponds must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotations omitted). In evaluating whether Ponds has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Ponds need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having reviewed Ponds's application for a COA and appellate filings, the district court's Order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes Ponds is not entitled to a COA. The district court's resolution of Ponds' § 2254 petition is not reasonably subject to debate and the issues Ponds seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, for those reasons cogently set out in the district court's Order, this court **DENIES** Ponds' request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Elisabeth A. Shumaker, Clerk

-4-